ISHEE, J.,
concurring in part and dissenting in part:
¶ 24. While I concur with much of the majority’s opinion, I must dissent with respect to the grant of divorce on the ground of desertion. The Mississippi Supreme Court first recognized desertion as a legal ground for divorce in 1949 in the benchmark case of Griffin v. Griffin, 207 Miss. 500, 505, 42 So.2d 720, 722 (1949). Therein, the supreme court addressed a case involving a wife whose husband failed to care for her and their children, forcing her to take the children and leave the marital home. Id. In reference to the husband’s constructive desertion of his family, the supreme court stated:
Here it is evident that appellant ... was constitutionally opposed to all kinds of profitable labor. He was indigent and improvident without cause. The family did not have sufficient food and nourishment; practically no shelter; largely lived off their neighbors; evidently they were humiliated; all pride was fast departing from them; health was impaired.
Id. The supreme court emphasized that desertion only occurs where there is “a complete separation or abandonment of the marital relationship by one or the other.” Id.
¶ 25. In the Gardners’ case, I disagree with the chancery court and the majority *1168 in their finding that William’s actions or inactions fall within the legal framework for desertion. Certainly this case is a far cry from the original intent of the supreme court when it allowed for divorce on the ground of desertion. The Griffin case outlined a husband and father who refused to care for his family. Id. The supreme court allowed for the concept of constructive desertion as a ground for divorce on the theory that a husband had abandoned his wife and children by failing to provide for even their most basic necessities. Id.
¶ 26. Unlike in Griffin, William provided small forms of support to his wife even in his absence from the marital home. The record reflects that William visited the marital home twice a month, contributed to the payment of the couple’s debts, and filed a joint tax return with Teresa in 2007. I simply cannot support such a casual application of desertion-based divorce to these facts. As such, I would reverse and remand the chancery court’s judgment of divorce on the ground of desertion.